**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES EDWARD MCINTYRE,

Defendant-Appellant.

No. 98-6018
(D.C. No. 97-CV-657)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Charles Edward McIntyre, a federal inmate appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We conclude defendant has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c). Accordingly, we deny his request for a certificate of appealability and dismiss the appeal.

Defendant was convicted of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and traveling and causing travel in interstate commerce to facilitate the distribution and possession of cocaine and cocaine base with intent to distribute in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2. He was sentenced to life imprisonment on two of the counts, to 480 months on one of the possession counts, and to 60 months on the remaining counts. Defendant appealed his conviction, raising 25 allegations of error. See United States v. McIntyre, 997 F.2d 687 (10th Cir. 1993). His conviction was affirmed. See id.

Defendant filed this § 2255 petition in 1997 alleging ineffective assistance of counsel. During opening statement and closing argument, defendant's trial counsel admitted that defendant had been stopped at an airport with cash in his possession, that during a subsequent airport stop, police had found glass beakers

similar to the kind used to cook crack cocaine in defendant's luggage, and that defendant was later arrested in a hotel room with cocaine in his underwear. Defendant contends that, by these admissions, his counsel conceded his guilt, depriving him of effective assistance of counsel, and that prejudice should be presumed from such conduct. The district court rejected this argument, concluding that defendant's claim of ineffective assistance of counsel fails under Strickland v. Washington, 466 U.S. 668 (1984), because his counsel made a strategic decision to portray defendant as guilty of only simple possession of cocaine for his personal use and to show that the evidence was insufficient to support the government's charges that defendant was involved in a major drug conspiracy.

We have thoroughly reviewed defendant's brief, his application for a certificate of appealability, the district court's order, and the entire record before us. We conclude that defendant has failed to demonstrate any prejudice arising from his trial counsel's alleged errors. See Strickland 466 U.S. at 688, 692; United States v. Williamson, 53 F.3d 1500, 1511-12 (10th Cir. 1995) (concluding that trial counsel's strategy of conceding during closing argument defendant's guilt with respect to lesser drug counts, and denying involvement with the more serious conspiracy counts did not constitute ineffective assistance of counsel). The district court's order denying the § 2255 motion is not debatable, reasonably

-3-

subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983). Accordingly, because we conclude that defendant has not made a substantial showing of the denial of a constitutional right, we DENY defendant's application for a certificate of appealability and DISMISS this appeal.

The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge